UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENNY KAY,

                      **Plaintiff,**

        -against-

LAVRY ENGINEERING, INC.,

                      **Defendants.**

1:19-cv-0 5059(ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

## INTRODUCTION

Plaintiff Benny Kay ("Plaintiff") brings suit against Defendant Lavry Engineering, Inc. ("Defendant" or "Lavry"), alleging claims of negligence (count one) and negligent misrepresentation (count two). Plaintiff also alleges consumer protection claims under both the Washington Consumer Protection Act (count three) and New York General Business Law § 349 (count four). After careful consideration, Defendant's motion to dismiss is **GRANTED**.

## BACKGROUND

Unless otherwise indicated, the following facts are drawn from Plaintiff's Amended Complaint and are assumed as true for the purposes of this motion to dismiss. Defendant is a leading designer and manufacturer of audio equipment. Am. Compl. ¶ 8. In 2008, Plaintiff, a resident of New York, purchased two audio converter products (models 4496 and DA10) from Defendant. *Id.* ¶¶ 5, 9. These devices are used to create stereo mixes through "analog summing buss," a common convention of music production. *Id.* ¶ 10. When using the devices, users can select either a normal or inverted polarity. *Id.* ¶ 11.

At the time Plaintiff purchased the DA10, the industry standard for normal polarity was second conductor positive and third conductor negative; however, on Plaintiff's device, such a

1

configuration only occurred when equipment was set to "invert." *Id.* ¶¶ 12–13. This configuration was "not made clear by the manual or promotional materials at the time of purchase," even though the normal standard had been practiced for decades. *Id.* ¶¶ 16, 24, 27. In 2010, Defendant revised the manual and removed recommendations for configuring the equipment. *Id.* ¶¶ 23–24. While getting his device refurbished, in June of 2018, one of Defendant's technician informed Plaintiff that his device was configured such that the inverted, as opposed to the normal, configuration was consistent with industry standards. *Id.* ¶¶ 33–34, 37.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) (citation omitted). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663 (citation omitted).

## DISCUSSION

In this case, Defendant argues that all of Plaintiff's claims are barred by the applicable statute of limitations. Defendant further asserts that Plaintiffs' claims would otherwise fail on the merits. In response, Plaintiff argues his claims accrued when he discovered the polarity issue on June 26, 2018; therefore, Plaintiff contends his claims are timely. Alternatively, Plaintiff argues the discovery rule necessitates the tolling of the applicable statute of limitations to his claims. Plaintiff additionally asserts that his claims are plausibly alleged. Hence, the Court must first determine whether Plaintiff's claims are timely.

As a preliminary matter, Plaintiff's claims are governed by New York statutes of limitations. "Federal courts sitting in diversity jurisdiction apply the procedural statute of limitations and choice-of-law rules of the forum state . . . ." *2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assurance Co.*, 717 F. App'x 35, 37 n.1 (2d Cir. 2017) (citing *Stuart v. Am. Cyanamid Co.,* 158 F.3d 622, 627 (2d Cir. 1998)). Where, as here, "a plaintiff is a resident of New York, New York courts apply only New York statutes of limitations, regardless of where the events giving rise to the underlying claim occurred." *Baker v. Stryker Corp.*, 770 F. App'x 12, 14 (2d Cir. 2019) (citing *Braniff Airways, Inc. v. Curtiss-Wright Corp.*, 424 F.2d 427, 428 (2d Cir. 1970)). New York tolling statutes similarly apply to such actions. *Vincent v. Money Store*, 915 F. Supp. 2d 553, 562 (S.D.N.Y. 2013) (citation omitted) ("A federal court sitting in diversity applies the forum state's statute of limitations provisions, as well as any provisions that

govern the tolling of the statute of limitations."). Although defendants bear the burden of establishing the expiration of the statute of limitation, plaintiffs bear the burden of demonstrating a statute of limitation should be tolled. *Id.*

Here, Plaintiff's negligence claims are subject to a three-year statute of limitation period. *See Fisher v. JPMorgan Chase Bank, N.A.*, 740 F. App'x 745, 746 (2d Cir. 2018) (citations omitted) ("The New York statute of limitations . . . imposes a three-year limitations period to negligence claims . . . ."). Similarly, Plaintiff's negligent misrepresentation claims are subject to a three-year statute of limitations because he does not bring a fraud claim. *See BankUnited, N.A. v. Merritt Envtl. Consulting Corp.*, 360 F. Supp. 3d 172, 184 (S.D.N.Y. 2018) (quoting *N.Y. State Workers' Comp. Bd. v. Comp. Risk Managers, LLC*, 59 Misc.3d 254, 67 N.Y.S.3d 792, 802 (Sup. Ct. 2017)) ("Claims of negligent misrepresentation are 'subject to a three-year limitations period, unless the claim is grounded upon essential allegations of actual or constructive fraud, in which case the claim is governed by a six-year limitations period.'"). Lastly, both of Plaintiff's consumer protection claims are subject to a three-year statute of limitations period. *See Statler v. Dell, Inc.*, 775 F. Supp. 2d 474, 484 (E.D.N.Y. 2011) (citing *Gaidon v. Guardian Life Ins. Co. of America,* 727 N.Y.S.2d 30, 35 (2001); *M & T Mortg. Corp. v. Miller,* No. 02 CV 5410 2009 WL 3806691 *2 (E.D.N.Y. 2009)) ("Actions brought pursuant to Section 349 must be commenced within three years of the date of accrual."). Next, the Court must determine when accrual commenced for each of Plaintiff's claims.

Generally, "a right accrues when it comes into existence. . . . Thus the 'standard rule' is that a claim accrues 'when the plaintiff has a complete and present cause of action.'" *Singleton v. Clash*, 951 F. Supp. 2d 578, 585 (S.D.N.Y. 2013), *aff'd sub nom. S.M. v. Clash*, 558 F. App'x 44 (2d Cir. 2014) (quoting *Gabelli v. SEC,* 586 U.S. 442, 448 (2013)). Here, accrual for Plaintiff's

4

negligence and consumer protection claims commenced at the time of injury. *See Fisher*, 740 F. App'x at 746 (citing *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94, (1993)) ("[U]nder New York law, negligence claims accrue when 'an injury is sustained.'"); *Statler*, 775 F. Supp. 2d at 484 (citing *Gaidon,* 727 N.Y.S.2d at 35; *Brady v. Lynes*, No. 05 CIV. 6540, 2008 WL 2276518, at *10 (S.D.N.Y. June 2, 2008)) (determining "[a]ccrual occurs when plaintiff is injured by the deceptive act or practice that violated the statute" for claims arising under General Business Law § 349). Therefore, Plaintiff's negligence and consumer protection claims accrued at the time he purchased the equipment. *See Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 461–62 (S.D.N.Y. 2014) (concluding accrual for the plaintiffs' consumer protection claim began at the time of the plaintiffs purchased the defective product). Likewise, accrual for Plaintiff's negligent misrepresentation claim occurred at the time Defendant made the alleged misrepresentation on which Plaintiff relied. *Doss, Inc. v. Christie's Inc.*, No. 08 CIV. 10577LAP, 2009 WL 3053713, at *3 (S.D.N.Y. Sept. 23, 2009) ("A cause of action based on negligent misrepresentation accrues on the date of the alleged misrepresentation which is relied upon by the plaintiff."). Since Plaintiff alleges the manual contained misrepresentations, accrual for Plaintiff's negligent misrepresentation claim also commenced at the time he purchased the equipment. As a result, the three-year statute of limitations applicable to Plaintiff's claims commenced in 2008 and expired in 2011 unless Plaintiff's claims can be tolled under the discovery rule.

The discovery rule is an exception to the standard rule, whereby the accrual of a cause of action is postponed until a plaintiff discovers her injury. *See* C.P.L.R. § 203(g); *see also Ruso v. Morrison*, 695 F. Supp. 2d 33, 45 (S.D.N.Y. 2010)). "Other than in cases of fraud or concealment, the Supreme Court has recognized a discovery rule in only two contexts, latent disease and medical malpractice. . . ." *Twersky v. Yeshiva Univ.*, 993 F.Supp.2d 429, 438–41

(S.D.N.Y. 2014) (citation omitted); *Ruso v. Morrison*, 695 F. Supp. 2d 33, 45–46 (S.D.N.Y. 2010) (citations omitted) ("The discovery rule[] applies only in a very limited number of circumstances. Typically, these instances are limited to actions involving allegations of fraud.").

However, some federal and state courts have applied the discovery rule to other types of claims. *Twersky*, 993 F. Supp. 2d at 438. For example, the Second Circuit has recognized the applicability of the discovery rule to Section 1983 claims. *See, e.g., Pinaud v. County of Suffolk,* 52 F.3d 1139, 1156 (2d Cir.1995). To the extent that courts apply the discovery rule to other contexts, such applications are "limited to those instances in which the plaintiff is blamelessly ignorant of the existence of cause of his injury. Where the plaintiff has knowledge of his claim or of facts which would have prompted a reasonable person using due diligence to discover the claim, the discovery rule does not extend the time within which the plaintiff must bring his claim." *Ruso*, 695 F. Supp. 2d at 45–46 (internal quotation marks and citation omitted).

Here, Plaintiff does not identify any controlling or persuasive authority that shows that the discovery rule is applicable to his claims. To the contrary, the Second Circuit and many other courts in this Circuit have consistently found the discovery rule does apply to the types of claims Plaintiff asserts in this action. *Fisher*, 740 F. App'x at 746 (concluding the discovery rule did not apply to negligence claims); *Marchig v. Christie's Inc.*, 430 F. Appx 22, 25 (2d Cir. 2011) ("Absent allegations of fraud, a claim for negligent misrepresentation accrues at the time of injury and is not subject to any discovery rule."); *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation,* 2007 WL 1601491 *14 n. 121 (S.D.N.Y.2007) (citing *Wender v. Gilberg Agency,* 716 N.Y.S.2d 40, 41–42 (1st Dep't 2000) (determining the discovery rule does not apply to consumer protection claims). Furthermore, Plaintiff's reliance on *Twersky* is unavailing. Not only did that case involve a different cause of action, specifically a case arising

6

under Title IX, but also the court did not determine that the discovery rule applied. 993 F. Supp. 2d at 439. Rather the court concluded, "it [wa]s unnecessary to resolve whether Title IX includes a discovery rule, because the plaintiffs' Title IX claims fail even under the discovery rule." *Id.* Accordingly, because Plaintiff purchased his equipment in 2008 but only commenced this action in 2019, the Court finds his claims are all untimely.

## CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss is **GRANTED**.

**SO ORDERED.**

**Dated:** **May 12, 2020**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**